GOVERNMENT OF THE VIRGIN ISLANDS, Appellee

v.

DAVID CASTILLO, Appellant

Nos. 76-1984 and 76-1985

United States Court of Appeals

Third Circuit

Argued December 10, 1976

Filed February 10, 1977

KENNETH A. ROSSKOPF, ESQ., Christiansted, St. Croix, V.I., *for appellant*

Mark L. Milligan, Esq., Assistant U.S. Attorney, Christiansted, St. Croix, V.I., *for appellee*

Before SEITZ, *Chief Judge,* GIBBONS and HUNTER, *Circuit Judges*

HUNTER, *Circuit Judge*

David Castillo was convicted on one count each of grand larceny, trespassing, and carrying an unregistered firearm, all in connection with the rustling of a heifer from a cattle farm on St. Croix. He was sentenced by the District Court for the District of the Virgin Islands to concurrent terms of four months, two months, and six months on the respective convictions. On appeal, Castillo argues first that there was no evidence corroborating the damaging testimony of his accomplice, as required by 14 V.I.C. § 17.[1] Second, he contends that evidence of his prior felony conviction was improperly introduced. Because we agree with the second contention, we must reverse and remand for a new trial.

## I.

According to the accomplice testimony of Francisco Navarro, Navarro visited Castillo's residence on the night of March 28, 1976. Castilo lived in a house owned by his girlfriend, whose name was unknown to Navarro. (Later testimony established that the girlfriend was Louisa Santiago.) The house had been a bar and restaurant, but had ceased operations. After a few drinks, Castillo suggested to Navarro that they "go for a heifer." He fetched a shotgun from his room, which adjoined the public areas of the bar, and Navarro procured two knives. The two then drove in Navarro's taxi to a nearby cattle farm. They entered the

---

[1] Section 17 provides as follows:

> No conviction can be had upon the testimony of an accomplice unless it be corroborated by such other evidence as tends to connect the defendant with the commission of the crime. The corroboration is not sufficient if it merely shows the commission of the crime or the circumstances of the commission.

pasture, and Castillo shot a heifer. The two men skinned the animal, cut it into several large hunks, put it in the trunk of the taxi, and returned to Castillo's residence. The next morning, after Santiago had left the house, they removed the meat from the taxi's trunk and put it in the kitchen.

Later that day the police—who had been informed that Navarro's taxi had been observed at the scene of the crime—stopped the taxi to question Navarro and Castillo. After that questioning, Navarro and Castillo returned to the Santiago house, where Castillo hid the meat and the shotgun while Navarro slept. The police arrived shortly thereafter and discovered chunks of meat hidden in the cistern, in the jukebox, and in the rafters above the ceiling. Also secreted above the ceiling was the gun.

Louisa Santiago testified that on March 29, the day the meat was carried into and hidden within the house, the only set of keys to the house was in Castillo's possession. Santiago had tried to enter the house that afternoon, but found it locked. When she returned later in the afternoon, she found the back door open, and saw the police taking Castillo and Navarro into custody.

Both men were charged with grand larceny and trespassing. Castillo was also charged with possession of an unregistered firearm, in violation of 14 V.I.C. § 2253(a).[2]

---

[2] Section 2253(a) provides as follows:

Whoever, unless otherwise authorized by law, has, possesses, bears, transports or carries either openly or concealed on or about his person, or under his control in any vehicle of any description any firearm, as defined in Title 23, section 451(d) of this Code, loaded or unloaded, may be arrested without a warrant, and shall be fined not more than $1,000 or imprisoned not more than 2 years, or both, except that if such person shall have been convicted of a felony, or if such firearm or an imitation thereof was had, possessed, borne, transported or carried by or under the proximate control of such person during the commission or attempted commission of a crime of violence, as defined in subsection (d) hereof, then such person shall be fined not more than $2,000 or imprisoned not more than 5 years, or both. The foregoing applicable penalties provided for violation of this section shall be in addition to the penalty provided for the commission of, or attempt to commit, the crime of violence.

Navarro pleaded guilty to the lesser charge of petit larceny and trespass. Castillo pleaded not guilty to all charges.

Before trial, defense counsel moved to strike from the firearms charge language indicating that Castillo had previously been convicted of second degree murder. He also made a motion in limine to prohibit further mention of the prior conviction. The Government insisted that, because section 2253(a) provides a stiffer maximum penalty for offenders who have prior felony convictions, the prior conviction was an element of the offense that had to be proved. Castillo's counsel argued that the prior conviction went only to the nature of the penalty, not to the elements of the crime, and offered to stipulate to the court that Castillo had a prior felony conviction.

The district agreed that the prior conviction was an element of the offense, but ruled that the specific crime need not be mentioned. Both the amended information and the written verdict forms given to the jury indicated that Castillo had been previously convicted of a felony. Defense counsel objected to both. The court's instructions to the jury apparently were not recorded. The notes used by the court in giving those instructions, however, indicate that the prior conviction was *not* listed as one of the elements of the firearms violation with which the defendant was charged.[3]

At the close of the prosecution's case, defense counsel moved for a judgment of acquittal with respect to all three charges. Castillo brings this appeal, alleging that the district court erred in denying his motion for a judgment of acquittal and in permitting the Government to inform the jury of his prior conviction.

---

[3] While sitting in St. Thomas, this Court took the opportunity to review the district court's notes.

## II.

We cannot agree with Castillo's contention that he was entitled to a judgment of acquittal because there was no evidence corroborating the accomplice testimony, as required by Virgin Islands law. As we have interpreted that law, the only corroboration required is evidence "tending to connect defendant with the crime." Government of the Virgin Islands v. Torres, 476 F.2d 486, 490 (3d Cir. 1973). There was such evidence in the case before us.

First, and most important, Castillo had the only key to the premises where the meat was concealed during the only time the meat could have been hidden there. Santiago testified that she found the back door open the second time she returned to the house on the afternoon of March 29, as Castillo and Navarro were being taken into custody. But she also testified that upon her first arrival that afternoon, the doors were locked. Thus, the jury could have inferred only Castillo had access to the house during the period in question.

Second, all the meat and the gun were found in Castillo's residence, not some location unrelated to him. Third, he was discovered in the house while the stolen goods and the gun were still there. And fourth, he was seen with the owner of the taxi that had been observed leaving the scene of the crime; indeed, he was seen in the taxi itself the very next day.

All this evidence tended to connect Castillo with the commission of the crime, apart from Navarro's testimony. It may be "insubstantial and inconclusive of guilt," but those qualities do not vitiate its power to corroborate the accomplice testimony by circumstantially linking defendant with the commission of the crime. Torres, supra at 490.

# III.

◼ We must reverse, however, because we agree that the district court erred in allowing the jury to be informed of Castillo's prior felony conviction. Although the language of section 2253(a) is not altogether clear, we hold that it does not create two separate crimes, one being possession of an unregistered firearm, the other being possession of an unregistered firearm by a convicted felon.[4] Instead, it imposes a penalty upon *anyone* convicted of possessing an unregistered firearm and goes on to provide that the penalty may be enhanced if the person so convicted was previously found guilty of a felony.[5]

◼ In other words, section 2253(a) does not present— as does, for example, 18 U.S.C. App. § 1202(a)(1)[6]—the case where, in general, act A is lawful, but when performed

---

[4] The strength of the district court's belief that there were two separate crimes is itself questionable in light of the fact that the court seems not to have instructed the jury that a prior conviction was an element of the charge under section 2253(a).

[5] Also following the basic description of the crime of possession in § 2253(a) is a clause providing heavier penalties for one who uses or carries an unregistered firearm during the commission or attempted commission of a crime of violence. This clause might well be held—although we need not now so hold—to create a separate offense by adding the additional element of possession during commission or attempted commission of a crime of violence. From this it could be argued that since the same sentence provides the same enhancement in the maximum penalty both for possession while a convicted felon and for possession during the commission of violent crimes, possession while a convicted felon is also a separate offense, with separate elements.

We do not accept this argument. First, the clause dealing with convicted felons adds nothing to the use of the weapon itself, while the clause concerning violent crime changes the way in which the possessor must use the illegally possessed weapon. Second, a prior conviction might well be the proper subject of judicial notice upon sentencing, see, e.g., 14 V.I.C. § 62 (procedure under habitual offenders statute), while the commission vel non of a violent crime is the kind of factual question more suited to resolution by a jury. While the legislature's syntax may have been somewhat inartful, we believe that these fundamental distinctions outweigh the argument that the inclusion in the same sentence of the two situations permitting harsher punishment means both are separate crimes.

[6] 18 U.S.C. App. § 1202(a)(1) states:

(a) Any person who—
(1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony . . . and who receives, possesses or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both.

by a convicted felon act A becomes unlawful. The latter statute forbids possession by a convicted felon of a firearm in interstate commerce. Provided that other sections of the Gun Control Act, 18 U.S.C. § 921 et seq., 18 U.S.C. App. §§ 1201–03, have not been violated, such possession is, in general, lawful; it becomes criminal only when the possessor has been convicted of a felony. In contrast, the possession forbidden by 14 V.I.C. § 2253(a) is unlawful no matter who the possessor is; a convicted felon is merely subject to an enhanced penalty. The additional language of section 2253(a) dealing with previous convictions, then, is in the nature of a sentencing statute rather than a substantive offense statute.[7]

---

[7] The legislature's concern with restricting consideration of the impact of prior convictions to the sentencing judge—thereby keeping knowledge of them from the jury—is also reflected in 14 V.I.C. §§ 61, 62, which deal with habitual offenders. Those two sections provide as follows:

§ 61. Penalties

(a) Whoever, whether under the laws of the Virgin Islands, the United States or a state or territory thereof, or any other jurisdiction, has been twice convicted of an offense which would be a felony in the Virgin Islands, shall upon a subsequent conviction of a felony in the Virgin Islands be incarcerated for a term of imprisonment of not less than ten years and may be incarcerated for the remainder of his natural life. If the last conviction and at least one of the prior convictions is for a crime of violence, as defined in Title 23, section 451(e) of the code, imposition or execution of this minimum period of incarceration shall not be suspended, nor shall probation be granted; neither shall parole or any other form of release be granted for this minimum period of incarceration.

(b) Whoever, whether under the laws of the Virgin Islands, the United States or a state or territory thereof, or any other jurisdiction, has been convicted of an offense which would be a felony in the Virgin Islands and a crime of violence as defined in Title 23, section 451(e) of the code shall upon a subsequent conviction of a felony in the Virgin Islands, which is also a crime of violence as defined in the aforementioned provision, be incarcerated for a term of imprisonment of not less than one-third the maximum sentence provided by law. Imposition or execution of this minimum period of incarceration shall not be suspended, nor shall probation be granted; neither shall parole or any other form of release be granted for this minimum period of incarceration.

(c) Whoever, whether under the laws of the Virgin Islands, the United States or a state or territory thereof, or any other jurisdiction, has been convicted of an offense which would be a misdemeanor in the Virgin Islands punishable by 6 months or more imprisonment, and involving violence or the threat thereof to the person of another, shall upon a subsequent conviction of a felony in the Virgin Islands, which is a crime of violence as defined in Title 23, section 451(e) of the code, be incarcerated for a term of imprisonment of not less than one-fifth the maximum sentence provided by law. Imposition or execution of this minimum period of incarceration shall

Because we hold the existence of Castillo's prior conviction properly went only to his sentencing under section 2253(a), it follows that it was no concern of the jury. See, e.g., United States v. McCracken, 488 F.2d 406, 423 (5th Cir. 1974); 2 C. Wright, Federal Practice & Procedure § 512, at 366 (1969). See also Fed. R. Ev.

not be suspended, nor shall probation be granted; neither shall parole or any other form of release be granted for this minimum period of incarceration.

(d) Whoever, whether under the laws of the Virgin Islands, the United States or a state or territory thereof, or any other jursidiction, has been convicted of an offense which would be a felony in the Virgin Islands and a crime of violence, as defined under Title 23, section 451(e) of the code, or a misdemeanor in the Virgin Islands punishable by 6 months or more imprisonment and involving violence or the threat thereof to the person of another, shall upon a subsequent conviction of a misdemeanor in the Virgin Islands punishable by 6 months or more imprisonment, and involving violence or the threat thereof to the person of another, be incarcerated for a term of imprisonment of not less than three months. Imposition or execution of this minimum period of incarceration shall not be suspended, nor shall probation be granted; neither shall parole or any other form of release be granted for this minimum period of incarceration.

(e) No conviction with respect to which a person has been pardoned on the ground of innocence shall be taken into account in applying this section.

§ 62. *Proceedings to establish previous convictions*

(a) No person who stands convicted of an offense under the laws of the Virgin Islands shall be sentenced to increased punishment by reason of one or more previous convictions, unless prior to sentencing, the United States Attorney or the Attorney General of the Virgin Islands, as the case may be, files an information with the Clerk of the Court and serves a copy of such information on the person or counsel for the person, stating in writing the previous convictions to be relied upon. Upon a showing by the Government that facts regarding previous convictions could not with due diligence be obtained prior to sentencing, the court may postpone the sentencing for a reasonable period for the purpose of obtaining such facts. Clerical mistakes in the information may be amended at any time prior to the pronouncement of sentence.

(b) If the prosecutor files an information under this section, the court shall, after conviction but before pronouncement of sentence, inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a previous conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

(c)(1) If the person denies any allegation of the information of previous conviction, or claims that any conviction alleged is invalid, he shall file a written response to the information. A copy of the response shall be served upon the prosecutor. The court shall hold a hearing to determine any issues raised by the response which would except the person from increased punishment. The failure of the Government to include in the information the complete criminal record of the person or any facts in addition to the convictions to be relied upon shall not constitute grounds for invalidating the notice given in the information required by subsection (a). The hearing shall be before the court without a jury and either party may introduce evidence. Except as otherwise provided in paragraph (2) of this subsection,

404(b).[8] Since we cannot say with any certainty that the erroneous admission of this evidence did not have a significant prejudicial effect on the jury, there must be a new trial. See, e.g., United States v. Jacangelo, 281 F.2d 574, 576–77 (3d Cir. 1960).

The judgments of conviction will be reversed and the case remanded for a new trial.

---

the prosecuting authority shall have the burden of proof beyond a reasonable doubt on any issue of fact. At the request of either party, the court shall enter findings of fact and conclusions of law.

(2) A person claiming that a conviction alleged in the information was obtained in violation of the Constitution of the United States shall set forth his claim, and the factual basis therefor, with particularity in his response to the information. The person shall have the burden of proof by a preponderance of the evidence on any issue of fact raised by the response. Any challenge to a previous conviction, not raised by response to the information before an increased sentence is imposed in reliance thereon shall be waived unless good cause be shown for failure to make a timely challenge.

(d)(1) If the person files no response to the information, or if the court determines, after hearing, that the person is subject to increased punishment by reason of previous convictions, the court shall proceed to impose sentence upon him as provided by law.

(2) If the court determines that the person has not been convicted as alleged in the information, that a conviction alleged in the information is invalid, or that the person is otherwise not subject to an increased sentence as a matter of law, the court shall, at the request of the prosecutor, postpone sentence to allow an appeal from the determination. If no such request is made, the court shall impose sentence as provided by law. The person may appeal from an order postponing sentence as if sentence had been pronounced and a final judgment of conviction entered.

(e) Whenever an information has been filed under this section with respect to a person who stands convicted following a plea of guilty, the court shall allow the person to withdraw the plea upon a showing that, at the time the plea was entered, the person did not know that his previous convictions would subject him to increased punishment.

[8] Rule 404(b) reads as follows:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.