UNITED STATES of America, Appellee,

v.

Arthur W. RUMNEY, Defendant, Appellant.

No. 88–1641.

United States Court of Appeals, First Circuit.

Heard Nov. 2, 1988.

Decided Feb. 8, 1989.

Atty., Manchester, N.H., was on brief, for defendant, appellee.

Before BOWNES and BREYER, Circuit Judges, and CAFFREY,* Senior District Judge.

BOWNES, Circuit Judge.

Arthur W. Rumney appeals his conviction of one count of being a felon in possession of a firearm. 18 U.S.C.App. § 1202(a)(1).[1] On appeal, appellant raises three issues: (1) whether he could be sentenced under the provisions of § 1202(a)(1) as a person thrice convicted of burglary or robbery when the indictment only alleged one prior such conviction; (2) whether the district court erred in not conducting a hearing under *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), because of omissions made by the police in the affidavit when they applied for a search warrant; and (3) whether the evidence adduced at trial was sufficient to warrant a conviction. We find against him on each issue and affirm.

### I. Facts

On October 31, 1986, a woman was robbed by appellant and Habib Nassoura in the parking lot of a Manchester, New Hampshire bank. Nassoura drove appellant to the parking lot. Once there, appellant, armed with a stun gun and disguised by a wig, false beard and baseball cap, assaulted the woman and grabbed a bag containing $23,000. Nassoura drove off alone without appellant. A witness noted the license plate number. Appellant fled on foot but was tackled by another bystander. The two struggled until appellant produced a handgun. The bystander backed away and appellant fled.

Paul J. Garrity, by Appointment of the Court, with whom Schapira Professional Association, Manchester, N.H., was on brief, for appellant.

David A. Vicinanzo, Asst. U.S. Atty., with whom Richard V. Wiebusch, U.S.

---

* Of the District of Massachusetts, sitting by designation.

1. This section provided in pertinent part:

    Any person who—
    (1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony,

    .  .  .  .  .

and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both.

This section was repealed effective after the date of defendant's alleged infraction. The relevant passage was reenacted in broader form and recodified at 18 U.S.C. § 922(g).

In late 1986, the Manchester police obtained a warrant to search appellant's home. The warrant was based on an affidavit which relied heavily upon statements made by Nassoura to the police. During the investigation of the robbery, Nassoura was questioned twice concerning his involvement in the robbery. Both times Nassoura denied being involved. After being arrested for the crime, however, Nassoura changed his story; he stated that although he drove appellant to the scene, he did not realize when he agreed to drive appellant there that appellant was going to commit a robbery. Later, Nassoura stated that he knew that appellant was up to no good when Nassoura agreed to drive him to the scene.

The affidavit submitted by the police for the warrant referred only to Nassoura's statement that he did not realize that appellant was going to commit a robbery. It made no mention of Nassoura's earlier denials or his subsequent statement that he knew appellant was up to no good, nor did it mention Nassoura's criminal record. Based on these omissions, appellant moved, prior to trial, to suppress all evidence found in the search of his house because the affidavit contained knowing or reckless omissions which undercut a finding of probable cause. The district court denied the motions and ruled that because appellant failed to make the preliminary showing required by *United States v. Paradis*, 802 F.2d 553, 558 (1st Cir.1986) (discussing the preliminary showing required under *Franks*, 438 U.S. at 171–72, 98 S.Ct. at 2684–85), a hearing was not necessary.

Pursuant to the warrant, the police searched the house where appellant lived with Patricia Harmon and her children. The police found a fully loaded .22 caliber handgun, two stun guns, a box of .25 caliber bullets, a baseball cap, a jar of change, a wig and two false beards in the master bedroom and its closet. The handgun was found in the pocket of a man's coat hanging in the closet; the jar of change was found in the other pocket. The stun guns and bullets were found in a dresser.

Appellant was indicted on one count of being a felon in possession of a firearm.[2] Prior to trial, the government notified appellant that it would seek an enhanced sentence under 18 U.S.C.App. § 1202(a) because appellant had been convicted three times of burglary and/or robbery. Appellant moved to prevent the imposition of an enhanced sentence. He argued that, since his indictment alleged only one predicate felony, the most for which he could be convicted and sentenced was having been previously convicted of one felony. The district court denied his motion holding that the three predicate felonies were for sentence enhancement purposes only and were not an element of another, heightened crime.

At trial, the government presented evidence which showed that appellant had been convicted of armed bank robbery in 1974.[3] Evidence also showed that the handgun had moved in interstate commerce: it was sold by a California firm to a Massachusetts firm which in turn sold it to a New Hampshire gun dealer. Finally, there was evidence that showed that the gun was found in appellant's closet in his coat. Although appellant and Harmon offered an explanation which, if believed,

---

**2.** The indictment read in full:
The Grand Jury charges:
On or about November 3, 1986, in the District of New Hampshire, the defendant, ARTHUR W. RUMNEY, having been convicted on May 28, 1974, in federal District Court, District of New Hampshire, of Bank Robbery and Conspiracy, in violation of United States Code, Chapter 18, Section 2113(a), (b), (c) and (d), and Section 371, a felony punishable by imprisonment for a term of more than one year, did knowingly possess a firearm, to wit: an F.T.L., .22 caliber pistol, model Auto Nine,

serial number 04465, which had been shipped and transported in interstate commerce;
In violation of Title 18, United States Code, Appendix II, Section 1202(a)(1).

**3.** Appellant offered to stipulate to this conviction, but the government refused. During his cross-examination, appellant was successful in keeping from the jury references to his other prior convictions. Appellant does not challenge the propriety of the government not stipulating to his 1974 conviction.

could have exculpated appellant,[4] the jury returned a verdict of guilty. This appeal ensued. Appellant was sentenced to fifteen years as mandated by § 1202(a)(1) for one who has three prior convictions for robbery or burglary. He was also fined $25,000.

## II. Enhancement Or Element

■■■■ Appellant's first contention is that he could not legally be sentenced under the higher sentence provision of § 1202(a), Armed Career Criminal Act (ACCA),[5] because his indictment alleged only one predicate felony, not three. This circuit has never addressed whether the provision calling for a heightened penalty for those people who possess a firearm after having been thrice convicted of burglary/robbery is a sentence enhancer or a substantive crime. If it is the latter, appellant's sentence must, of course, be set aside. Nine other circuits have addressed this precise issue; all but one agree that the provision is a sentence enhancer. Those finding enhancement are: *United States v. Brewer*, 853 F.2d 1319 (6th Cir.) (changing, on rehearing, the panel's original decision on this point, 841 F.2d 667, 668–69 (6th Cir.)), *cert. denied*, — U.S. ——, 109 S.Ct. 375, 102 L.Ed.2d 364 (1988); *United States v. Pirovolos*, 844 F.2d 415, 420 (7th Cir.), *cert. denied*, — U.S. ——, 109 S.Ct. 147, 102 L.Ed.2d 119 (1988); *United States v. Rush*, 840 F.2d 574, 576–78 (8th Cir.) (*en banc*), *cert. denied*, — U.S.

——, 108 S.Ct. 2908, 101 L.Ed.2d 940, *cert. denied, sub nom. Cloyd v. United States*, — U.S. ——, 108 S.Ct. 2910, 101 L.Ed.2d 942 (1988); *United States v. Blannon*, 836 F.2d 843, 844–45 (4th Cir.), *cert. denied*, — U.S. ——, 108 S.Ct. 1741, 100 L.Ed.2d 204 (1988); *United States v. West*, 826 F.2d 909, 911–12, (9th Cir.1987); *United States v. Jackson*, 824 F.2d 21, 22–26 (D.C.Cir.1987), *cert. denied*, — U.S. ——, 108 S.Ct. 715, 98 L.Ed.2d 665 (1988); *United States v. Hawkins*, 811 F.2d 210, 217–20 (3d Cir.), *cert. denied*, — U.S. ——, 108 S.Ct. 110, 98 L.Ed.2d 69 (1987); *United States v. Gregg*, 803 F.2d 568, 570 (10th Cir.1986), *cert. denied*, 480 U.S. 920, 107 S.Ct. 1379, 94 L.Ed.2d 693 (1987). In *United States v. Davis*, 801 F.2d 754, 755–56 (5th Cir.1986), the Fifth Circuit held that the three felonies were an element of a crime which must be alleged in the indictment.

Appellant advances two reasons why we should hold that the three convictions are an element of a new crime: (1) the language and legislative history of that provision point in that direction; and (2) *McMillan v. Pennsylvania*, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986), requires such a holding. Both contentions have been addressed at length by our sister circuits; therefore, we tread a well-marked path.

The relevant language in § 1202(a)(1) is ambiguous. *See Jackson*, 824 F.2d at 23–24; *but see Davis*, 801 F.2d at 756. The

---

4. Appellant and Harmon claimed that they found the gun when they moved into the house. Appellant told Harmon to get rid of the gun since he was a felon and could not have one. Harmon, however, hid the gun under a closet ramp and forgot about it. Thereafter, appellant and Harmon's youngest son found the gun. Appellant then stressed to Harmon that she must get rid of the gun since he was not allowed to have one. Once again Harmon hid it—this time in the pocket of appellant's coat. Although Harmon used the other pocket of appellant's coat (a coat which he wore only once) to store change and occasionally thought of the gun when she did so, she never disposed of it. Appellant claimed he did not know the gun was still in the house at the time the police found it.

On cross-examination, Harmon was impeached by her own statements to the police both during the search and a few days later that she knew nothing of the gun.

5. This provision reads in pertinent part:

In the case of a person who receives, possesses, or transports in commerce or affecting commerce any firearm and who has three previous convictions by any court referred to in paragraph (1) of this subsection for robbery or burglary, or both, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under this subsection, and such person shall not be eligible for parole with respect to the sentence imposed under this subsection.

This section was repealed; it has been reenacted in broader form and recodified at 18 U.S.C. § 924(e)(1).

language is an expansion of the main offense (possession of a firearm by a felon) and was incorporated into the main offense without division or separation. This "suggests treatment of the contents as a single offense." *Hawkins*, 811 F.2d at 219. On the other hand, the provision does not contain indicia of a traditional sentence enhancer: explicit reference to a prior conviction under § 1202(a)(1); special sentencing procedures; a penalty which is a multiplier of the sentence for the underlying crime; or a title denoting it as a sentence enhancer.[6] *See Davis*, 801 F.2d at 755–56.

As fully detailed by the other circuits, the legislative history speaks in terms of " 'enhancing' this offense," "enhancing an existing Federal crime," and "enhanced penalty provisions." *See, e.g., Rush*, 840 F.2d at 577–78 (the court also notes that at one point a House Report speaks of a "new offense"); *Jackson*, 824 F.2d at 24–25 (same). The Ninth Circuit has accurately synopsized the legislative history:

> [T]he legislative history shows that Congress specifically intended the Act to serve as a sentence enhancement statute. The House Report states: "In 'enhancing' this offense [§ 1202(a)] with H.R. 1627–type sanctions, if the defendant has been convicted three times of robbery or burglary, we are 'enhancing' an existing Federal crime...." H.R.Rep. No. 1073, 98th Cong., 2d Sess. 5, *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3665. Representative Hughes, the principal sponsor of the legislation in the House, stated: "This bill would enhance the sanctions of 18 U.S.C.App. section 1202(a) with a 15–year minimum sentence if the defendant has been convicted three times of felonies for robbery or burglary." 130 Cong.Rec. H10550 (daily ed. Oct. 1, 1984). Senator Spector, the Act's sponsor in the Senate, stated: "This bill would create no new Federal crime. Under present section 1202(a), possession of a firearm by a convicted felon is already a Federal crime, with a maximum prison sentence of 2 years. This title would simply provide for a stiffer sentence for career criminals." 130 Cong.Rec. S13080 (daily ed. Oct. 4, 1984).

*West*, 826 F.2d at 911–12. The legislative history resolves the statutory ambiguity; Congress intended that the provision at issue was a sentence enhancer. We, therefore, hold that the three felonies provision is for sentence enhancement and is not an element of a heightened crime.

*McMillan*, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67, does not change our holding. In that case, the court upheld a Pennsylvania law which set a minimum sentence of five years for any person who committed certain serious felonies and who, at the time of committing the offense, "visibly possessed a firearm." In deciding that this provision was a sentence enhancer and not an element of a new crime, the court noted that the provision "neither alters the maximum penalty for the crime committed nor creates a separate offense calling for a separate penalty; it operates solely to limit the sentencing court's discretion in selecting a penalty within the range already available to it without the special finding of visible possession of a firearm." *Id.* at 87–88, 106 S.Ct. at 2417–18. Appellant argues that because a finding of three predicate felonies increases the punishment from two years to fifteen years, it is "a tail which wags the dog of the substantive offense," *id.* at 88, 106 S.Ct. at 2418, and must be classified as an element of a heightened crime.

This argument, however, reads too much into *McMillan*. In responding to the same argument raised in a dissenting opinion, the Sixth Circuit stated:

> The dissent relies in large part upon language in *McMillan* which the dissent interprets as requiring "notice in the indictment and proof beyond a reasonable doubt of a fact that increases the maxi-

---

6. The recodification of this provision at 18 U.S.C. § 924 has eliminated the first and last points by denoting that section as "Penalties" and by now explicitly linking the enhanced penalty of § 924(e)(1) to a violation of § 922(g). *See also*

*United States v. Affleck*, 861 F.2d 97, 98–99 (5th Cir.1988) (holding § 924(e)(1) to be a sentence enhancer); *United States v. Dickerson*, 857 F.2d 414, 416–18 (7th Cir.1988) (same).

mum set by the legislature for the other elements of the offense." However, this assertion is founded upon misapprehension of a passage in *McMillan* which clearly states that the dissent's argument has only *"superficial* appeal." 106 S.Ct. at 2418. The only other circuit which has considered the question has expressly rejected the dissent's position and has decided that maximum sentence-enhancers should be treated in the same manner as minimum sentence-enhancers. *See Field* [*v. Sheriff of Wake County, North Carolina* ], 831 F.2d [530] at 536 [ (4th Cir.1987) ]. Moreover, the six other circuits which have upheld the ACCA as constitutional have refused to interpret *McMillan* in the manner urged by the dissent.

*Brewer,* 853 F.2d at 1326 n. 10 (emphasis in original). That court continued:

> It is important to note that the *McMillan* court specifically concluded that traditional sentencing factors need not be pleaded and proved at trial. *McMillan,* 106 S.Ct. at 2419. In the instant case, as in *McMillan,* the legislature "simply took one factor that has always been considered by sentencing courts to bear on punishment"—the number of prior offenses—"and dictated the precise weight to be given that factor." *Id.* at 2419. The congressional codification of traditional sentencing factors does not transform "a sentencing factor into an 'element' of some hypothetical 'offense.'" *Id.*
>
> Moreover, the primary rationale for requiring sentencing factors to be submitted to a jury—the necessity for accurate factfinding—does not apply in the instant case. Prior convictions are high-

ly verifiable matters of record which need not be subject to jury inquiry. Because defendants had received the totality of constitutional protections due in the prior proceedings, no additional factfinding is necessary.

*Id.* at 1326. We agree.

Not only does *McMillan* offer appellant no succor but one final observation also militates against making the three predicate felonies an element to be proved at trial. Such a holding "would require the government to place evidence of a defendant's three prior felony convictions before the jury in any proceeding under the ACCA. The inherently prejudicial nature of this kind of evidence is well known." *Jackson,* 824 F.2d at 25 (citations omitted). Indeed, as originally drafted, the provision called for bifurcated trials to alleviate this prejudice. "Congressional action in refusing to provide for bifurcated trials in the enacted version of the ACCA again reflects upon Congress' intention not to create a new offense but rather merely to provide for a sentence enhancing provision applicable to recidivist offenders." *Brewer,* 853 F.2d at 1325 (footnote omitted).

Because we hold that the indictment need not have alleged the three prior felonies, appellant's sentence was proper.[7]

### III. Necessity Of A *Franks* Hearing

On the basis of alleged omissions from the warrant affidavit, appellant requested a *Franks* hearing. The district court refused to hold such a hearing and denied appellant's motion to suppress.[8]

In *Franks,* the Supreme Court stated explicitly what is required for a hearing:

---

7. Appellant has not challenged that he has in fact been convicted of three burglaries or robberies.

8. The substantive paragraph in which the court denied appellant's motion reads in full:

> Viewed in the totality of the circumstances, however, it appears, and I so find, that the statements of Nassoura, whether equated with omissions or treated as misrepresentations, do not meet the preliminary requirements of *Franks v. Delaware, supra,* so as to mandate either a hearing or suppression of the evi-

dence at issue. Before a *Franks* hearing is warranted, the defendant has "the burden of making a substantial preliminary showing (1) that a false statement in the affidavit has been made knowingly and intentionally, and (2) that the false statement is necessary for a finding of probable cause." *United States v. Paradis,* 802 F.2d 553, 558 (1st Cir.1986). I find and rule that no such preliminary showing has here been made, that a hearing is not required, and that the motion to suppress must be and accordingly is herewith denied.

There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant. To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any non-governmental informant. Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required. On the other hand, if the remaining content is insufficient, the defendant is entitled, under the Fourth and Fourteenth Amendments, to his hearing.

*Franks*, 438 U.S. at 171–72, 98 S.Ct. at 2684–85 (footnote omitted). Material omissions may also be the basis for a *Franks* hearing. *Paradis*, 802 F.2d at 558.

██ A district court's determination that a defendant has not made the requisite showing warranting further exploration will be upheld unless clearly erroneous. *See United States v. Southard*, 700 F.2d 1, 10 (1st Cir.) (citing *United States v. Cruz*, 594 F.2d 268, 272 (1st Cir.), *cert. denied*, 444 U.S. 898, 100 S.Ct. 205, 62 L.Ed.2d 133 (1979)), *cert. denied, sub nom. Ferris v. United States*, 464 U.S. 823, 104 S.Ct. 89, 78 L.Ed.2d 97 (1983).

██ Here, we will assume that the omissions must have been made either knowingly or at least recklessly, since the officer who signed the affidavit was a member of the group that obtained the information directly from Nassoura.[9] *Cf. United States v. Mastroianni*, 749 F.2d 900, 909–10, n. 8 (1st Cir.1984) (finding no knowing or reckless disregard for truth when a snafu occurred due to delayed communications between investigators connected with different governmental agencies). The real issue is whether, even had the omitted statements been included in the affidavit, there was still probable cause to issue the warrant. Appellant contends that the affidavit should have included Nassoura's original denials of his involvement, his subsequent statement that he knew appellant was up to no good and Nassoura's criminal record and that if it had contained this information there could be no finding of probable cause. We disagree.

Nassoura's denials of involvement were made, predictably, before he was confronted with evidence linking him to the robbery. Once the police gathered enough information to arrest Nassoura, he changed his story. That the police chose not to include Nassoura's denials along with the reason for his recantation is not material to a finding of probable cause. Nassoura's credibility was not undercut merely because he made predictable denials until the police could produce evidence linking him to the robbery.

Nassoura's subsequent statement that he knew that appellant was up to no good when he drove him to the robbery site does not materially alter the crucial fact that, whatever Nassoura's knowledge of appellant's intent, he nonetheless drove appellant to the scene and watched him rob the victim.

Finally, the inclusion of Nassoura's criminal record would not have altered the finding of probable cause. First, it is probable that having a criminal record would explain in part why appellant asked Nassoura to participate in the robbery. Second, appellant does not contend that Nassoura's crimes were ones involving perjury or false statements. A criminal record, no matter

9. The affidavit refers to the affiant in the plural "we" although it was signed by only one officer.

how lengthy, does not necessarily impugn one's veracity. And Nassoura's criminal record has no bearing on his intimate knowledge of the crime.

Although this is not a case where the affidavit was supported by police corroboration, *Paradis*, 802 F.2d at 558, it is also not a case where the magistrate was misled into believing two people were one, *United States v. Curry*, 751 F.2d 442, 449–50 (1st Cir.1984). We do not find the district court's determination that no *Franks* hearing was required to be clearly erroneous. We are not persuaded that appellant has made a preliminary showing that the omissions were material. There was, therefore, no reason to hold a *Franks* hearing.

### IV. Sufficiency Of The Evidence

 A conviction under § 1202(a)(1) requires proof of three elements: (1) the accused is a convicted felon; (2) who knowingly possessed a firearm; (3) which was connected with interstate commerce. *See United States v. Robinson*, 756 F.2d 56, 58 (8th Cir.1985). On appeal, appellant does not challenge his prior conviction or that the handgun travelled in interstate commerce. Rather, he contends that he did not knowingly possess the handgun.

■ The standard of review is firmly established.

> "Our standard of review with respect to challenges to the sufficiency of the government's evidence is whether, taken as a whole and viewed in the light most favorable to the government, the evidence and all legitimate inferences therefrom would allow a rational trier of fact to find guilt beyond a reasonable doubt." *United States v. Molinares Charris*, 822 F.2d 1213, 1218 (1st Cir.1987) (quoting *United States v. Luciano Pacheco*, 794 F.2d 7, 10 (1st Cir.1986)).

*United States v. Mateos–Sanchez*, 864 F.2d 232, 238 (1st Cir.1988).

At trial, appellant admitted that the gun was found in *his* coat in *his* closet. He also admitted to having twice found the gun in the house he occupied. This was more than sufficient evidence from which a jury could infer appellant's constructive knowing possession of the weapon. That the government could not rebut appellant's and Harmon's exculpatory explanation does not undercut a finding of guilt; credibility and reasonable inferences to be drawn from the evidence are wholly within the jury's dominion.

### CONCLUSION

The provision calling for heightened penalties for thrice convicted felons who possess firearms is a sentence enhancement provision and not an element of a crime. The omissions from the police affidavit were not material to a finding of probable cause. There was sufficient evidence to convict the defendant on the charge brought.

Having found against appellant on all issues, his conviction and sentence are

AFFIRMED.