United States Court of Appeals
For the First Circuit

No. 92-2202

UNITED STATES,

Appellee,

v.

RAYMOND LEE HIGGINS,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]

Before

Boudin, Circuit Judge,

Campbell, Senior Circuit Judge,

and Stahl, Circuit Judge.

Ricky L. Brunette with whom Brunette, Shumway & Ryer was on brief

for appellant.
Margaret D. McGaughey, Assistant United States Attorney, with

whom Richard S. Cohen, United States Attorney, and Richard W. Murphy,

Assistant United States Attorney, were on brief for appellee.

May 28, 1993

STAHL, Circuit Judge. In this appeal, defendant

Raymond Lee Higgins argues that the district court improperly

denied his request for in camera disclosure of a confidential

government informant. Finding that the district court did

not abuse its discretion in denying defendant's request, we

affirm.

I.

BACKGROUND & PRIOR PROCEEDINGS

In January of 1992, Detective Captain Rick Frazee

of the Fairfield, Maine, Police Department learned from a

confidential informant that defendant, a parolee from a

federal drug trafficking conviction, was regularly supplying

Daryl Coskery, another known drug dealer, with large

quantities of marijuana. The informant also told Frazee that

defendant and Coskery intended to drive from Waterville,

Maine, to Virginia Beach, Virginia, in order to purchase

$50,000.00 worth of marijuana. He provided such details as

the car in which the defendant and Coskery would travel, and

the approximate dates and times of departure and return.

Using this information, Frazee, along with Kenneth

MacMaster, a Special Agent with the Maine Bureau of

Intergovernmental Drug Enforcement (BIDE), and two other BIDE

agents, observed defendant and Coskery leaving the state at

the time and in the manner predicted by the informant.

-2-
2

Based on these facts and their corroborative

surveillance, MacMaster sought a warrant to search, upon

defendant's return to Maine, his car and home for drugs,

evidence of drug trafficking, and firearms. MacMaster's

search warrant affidavit outlined the events described above,

and attested to the confidential informant's reliability as

established by his previous participation in approximately

six earlier controlled drug buys which resulted in arrests

and convictions. A State of Maine District Court Judge

issued the warrant.

Pursuant to the warrant, defendant was apprehended

upon his return to Maine by police officers positioned at the

state line. The ensuing car search yielded less than one

ounce of marijuana. The search of defendant's home yielded

another small marijuana supply in addition to four firearms.

On February 13, 1992, defendant was indicted in federal court

on four counts of possession of a firearm in violation of 18

U.S.C. 922(g)(1) and 924(a)(2).1

1. 18 U.S.C. 922(g)(1) provides in relevant part:

It shall be unlawful for any person who has been
convicted in any court of, a crime punishable by
imprisonment for a term exceeding one year; to . .
. possess . . . any firearm or ammunition . . . .

18 U.S.C. 924(a)(2) governs fines and imprisonment for
violations of 922(g)(1). The crime for which defendant was
paroled at the time of his arrest was punishable by
imprisonment for more than one year.

-3-
3

On March 3, 1992, defendant filed a pre-trial

motion seeking, inter alia, in camera disclosure of the

confidential informant's identity. Defendant argued that

such disclosure was necessary in order for him to make the

preliminary showing required to obtain a Franks suppression

hearing.2 A Magistrate Judge recommended denial of the

request, and on May 28, 1992, the district court reviewed and

accepted that recommendation. Following a one-day jury trial

on June 6, 1992, defendant was convicted on all counts.

II.

DISCUSSION

On appeal, defendant argues that the district court

erred in denying his request for in camera disclosure of the

confidential informant's identity. We do not agree.

When the government obtains a search warrant based

on information provided by a confidential informant,

defendants often lack the information required to meet the

2. Under Franks v. Delaware, 438 U.S. 154, 155-56 (1977), a

defendant may obtain a suppression hearing if s/he "makes a
substantial preliminary showing that a false statement
knowingly and intentionally, or with reckless disregard for
the truth, was included in the warrant affidavit, and if the
allegedly false statement is necessary to the finding of
probable cause . . . ." If, at the hearing, it is determined
that such a false statement was intentionally or recklessly
included in the warrant affidavit, evidence obtained pursuant
to the false statement must be suppressed. Id. at 156.

-4-
4

exacting standards of Franks.3 See, e.g., United States v.

Southard, 700 F.2d 1, 10-11 (1st Cir. 1983). In such cases,

district courts may conduct in camera examinations of the

affiant and, if necessary, of the informant, in order to

determine whether disclosure of the confidential informant's

identity would enable the defendant to obtain a Franks

hearing. Id.

However, "a district court need not conduct an in

camera hearing whenever the identity of an informant is

requested." United States v. Fixen, 780 F.2d 1434, 1439 (9th

Cir. 1986). Rather, "it should rest entirely with the judge

who hears the motion to suppress to decide whether [s/]he

needs such disclosure as to the informant in order to decide

3. Franks, 438 U.S. at 171, provides a clear standard for

determining whether a defendant has made a sufficient
preliminary showing to obtain a hearing:

There is, of course, a presumption of validity with
respect to the affidavit supporting the search
warrant. To mandate an evidentiary hearing, the
challenger's attack must be more than conclusory
and must be supported by more than a mere desire to
cross-examine. There must be allegations of
deliberate falsehood or of reckless disregard for
the truth, and those allegations must be
accompanied by an offer of proof. They should
point out specifically the portion of the warrant
affidavit that is claimed to be false; and they
should be accompanied by a statement of supporting
reasons. Affidavits or sworn or otherwise reliable
statements of witnesses should be furnished, or
their absence satisfactorily explained. The
deliberate falsity or reckless disregard whose
impeachment is permitted . . . is that of the
affiant, not of any nongovernmental informant.

-5-
5

whether the officer is a believable witness." United States

v. Jackson, 918 F.2d 236, 241 (1st Cir. 1990) (citations and

internal quotations omitted) (emphasis in original). See

also United States v. Giacalone, 853 F.2d 470, 477-78 n.1

(6th Cir. 1988) ("We believe that the trial judge should

retain the discretion to determine what type of hearing is

necessary, if any, to determine the veracity of the affiant

in cases where the defendant has alleged that the affidavit

contains false information, but has failed to make a

`substantial preliminary showing' that the affiant has lied

such as that which would require a Franks hearing.")

(emphasis in original). Finally, "a decision denying a

defendant's request for an in camera proceeding should be

overturned only if there is an abuse of discretion." Fixen,

780 F.2d at 1439. Our careful review of the record in the

instant case shows no abuse of discretion.

Defendant's motion for in camera disclosure begins

by naming an individual, Matthew Tulley, whom defendant

suspects was the confidential informant. The motion goes on

to suggest that Tulley was aware that defendant and Coskery

planned an innocent trip to Virginia, but that Tulley, in

concert with Frazee and MacMaster, fabricated the notion that

the trip was for the purpose of purchasing marijuana. If

true, these allegations might raise serious constitutional

issues. Defendant fails, however, to offer proof of any fact

-6-
6

that is materially inconsistent with the facts recited in

MacMaster's search warrant affidavit.

First, defendant offers to prove that Tulley

learned of the trip through an acquaintance, Dale Peters, and

that Peters never told Tulley that the purpose of the trip

was to purchase marijuana. Defendant does not contend,

however, that Peters was the only person who knew of the trip

to Virginia. Thus, even if Tulley was the informant, he

might easily have learned additional information about the

illicit nature of the trip from a source other than Peters.

Accordingly, defendant's offer of proof regarding Peters is

not at all inconsistent with MacMaster's affidavit.

Second, defendant offers to prove that on the

evening of defendant's and Coskery's departure from Maine,

Tulley, under the surveillance of Frazee and MacMaster,

unsuccessfully attempted to make a controlled purchase of

marijuana from Coskery. Moreover, defendant claims that this

attempted purchase was not included in MacMaster's search

warrant affidavit. Again, this offer of proof misses the

mark. When a defendant offers proof of an omission, the

"issue is whether, even had the omitted statements been

included in the affidavit, there was still probable cause to

issue the warrant." United States v. Rumney, 867 F.2d 714,

720-21 (1st Cir.), cert. denied, 491 U.S. 908 (1989). Here,

the controlled purchase incident is not necessarily

-7-
7

inconsistent with any of the other events recounted in the

warrant affidavit. Thus, even if the affidavit had included

an account of the incident,4 there were still ample grounds

for a finding of probable cause. Accordingly, defendant's

offer of proof regarding the controlled purchase incident is

not materially inconsistent with MacMaster's affidavit.

In sum, defendant has failed to articulate how in

camera disclosure of the informant's identity would enable

him to obtain a Franks hearing. On one hand, if an in camera

hearing disclosed that the informant was Tulley, there

remains nothing in the record, aside from defendant's

conclusory assertions and insufficient offers of proof, to

support the theory that MacMaster submitted false statements

in order to obtain the warrant. On the other hand, if the in

camera hearing disclosed that the informant was not Tulley,

then defendant has offered no alternative grounds for

obtaining a Franks hearing.5 Accordingly, the district

4. Both MacMaster and Frazee submitted affidavits stating
that, while they took part in surveillance of Coskery on the
evening of his departure from Maine, neither knew of a plan
to make a controlled purchase of marijuana from Coskery that
evening.

5. We note additionally that defendant's motion for in

camera disclosure was seriously inadequate in form. The

motion was supported solely by an affidavit signed by defense
counsel. The affidavit did not provide the sworn statements
of witnesses, nor did it explain the absence of such
statements, as required by Franks, 438 U.S. 154, 171

("Affidavits or sworn or otherwise reliable statements of
witnesses should be furnished, or their absence
satisfactorily explained."). Thus, even if defendant's

-8-
8

court did not abuse its discretion in denying defendant's

request for an in camera hearing on the identity of the

confidential informant.6

III.

CONCLUSION

For the foregoing reasons, the judgment of the

district court is affirmed.

offers of proof were substantively meritorious, we would
require more than the conclusory allegations set forth in
counsel's affidavit. Id.

6. Relying almost exclusively on State v. Thetford, 745 P.2d

496 (Wash. 1987), defendant also argues on appeal that Tulley
was an "ad hoc" agent of the Fairfield Police, and that

therefore Tulley's veracity, along with MacMaster's, should
be at issue. To the extent that defendant raised this issue
below, he did so in a perfunctory manner. "A party is not at
liberty to articulate specific arguments for the first time
on appeal simply because the general issue was before the
district court." United States v. Slade, 980 F.2d 27, 31

(1st Cir. 1992). Accordingly, defendant's argument is deemed
waived. In any event, however, our careful review of the
proceedings below satisfies us independently that defendant's
argument is unsupported by the record.

-9-
9