J-A05011-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN HARVARD | : | |
| | : | |
| Appellant | : | No. 1492 WDA 2017 |

Appeal from the PCRA Order October 12, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0007041-2010,
CP-02-CR-0013557-2008, CP-02-CR-0013729-2008,
CP-02-CR-0013730-2008, CP-02-CR-0014215-2008,
CP-02-CR-0014687-2008

BEFORE:  GANTMAN, P.J.E., SHOGAN, J., and MURRAY, J.

MEMORANDUM BY GANTMAN, P.J.E.:             **FILED FEBRUARY 28, 2019**

Appellant, John Harvard, appeals from the order entered in the Allegheny County Court of Common Pleas, which denied his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows.  On September 13, 2010, a jury convicted Appellant of multiple counts of robbery and related offenses, in connection with a string of armed robberies that took place in the summer of 2008.  The court also convicted Appellant of two counts

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

of persons not to possess firearms. The court sentenced Appellant on December 8, 2010, to an aggregate term of 65 to 280 years' imprisonment. Two of Appellant's robbery convictions included mandatory minimum sentences under 42 Pa.C.S.A. § 9714(a)(2) (providing for mandatory minimum 25-year sentence for defendant convicted of crime of violence, if at time of commission of current offense, defendant had previously been convicted of two or more crimes of violence). This Court affirmed the judgment of sentence on March 25, 2013, and our Supreme Court denied allowance of appeal on October 10, 2013. *See Commonwealth v. Harvard*, 64 A.3d 690 (Pa.Super. 2013), *appeal denied*, 621 Pa. 687, 77 A.3d 636 (2013).

On October 9, 2014, Appellant timely filed a *pro se* PCRA petition challenging imposition of the mandatory minimum sentences under *Alleyne v. United States*, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) (holding any fact increasing mandatory minimum sentence for crime is considered element of crime to be submitted to fact-finder and found beyond reasonable doubt). The court appointed counsel, who filed an amended PCRA petition on March 13, 2017. On September 12, 2017, the court issued notice of its intent to dismiss the petition without a hearing per Pa.R.Crim.P. 907. Appellant did not respond. The court denied PCRA relief on October 12, 2017. On October 16, 2017, Appellant timely filed a notice of appeal and concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Preliminarily, appellate counsel has filed a motion to withdraw as counsel and an accompanying brief pursuant to *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). Before counsel can be permitted to withdraw from representing a petitioner under the PCRA, Pennsylvania law requires counsel to file a "no-merit" brief or letter pursuant to *Turner* and *Finley*. *Commonwealth v. Karanicolas*, 836 A.2d 940 (Pa.Super. 2003).

> [C]ounsel must…submit a "no-merit" letter to the [PCRA] court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

*Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa.Super. 2007). Counsel must also send to the petitioner a copy of the "no-merit" letter or brief and motion to withdraw and advise petitioner of his right to proceed *pro se* or with privately retained counsel. *Id.* "Substantial compliance with these requirements will satisfy the criteria." *Karanicolas, supra* at 947.

Instantly, appellate counsel filed a motion to withdraw as counsel and a *Turner*/*Finley* brief detailing the nature of counsel's review and explaining why Appellant's issues lack merit. Counsel's brief also demonstrates he reviewed the certified record and found no meritorious issues for appeal. Counsel notified Appellant of counsel's request to withdraw and advised Appellant regarding his rights. Thus, counsel substantially complied with the *Turner*/*Finley* requirements. *See Wrecks, supra*; *Karanicolas, supra*.

- 3 -

Counsel raises the following issues on Appellant's behalf:

> WHETHER [APPELLANT'S] SENTENCE IS ILLEGAL—IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND/OR ARTICLE I, SECTION 9 OF THE PENNSYLVANIA CONSTITUTION—WHERE THE FACTS TRIGGERING APPLICATION OF THE MANDATORY MINIMUM SENTENCE UNDER 42 PA.C.S. § 9714 WERE FOUND BY THE COURT, RATHER THAN A JURY, AND FOUND BY A PREPONDERANCE OF THE EVIDENCE, RATHER THAN BEYOND A REASONABLE DOUBT?
>
> WHETHER [APPELLANT'S] SENTENCE IS ILLEGAL—IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND/OR ARTICLE I, SECTION 9 OF THE PENNSYLVANIA CONSTITUTION—WHERE THE FACTS AUTHORIZING INCREASE OF THE MAXIMUM SENTENCE BEYOND THE STATUTORY MAXIMUM OF 20 YEARS WERE, [THROUGH] APPLICATION OF 42 PA.C.S. § 9714, FOUND BY THE COURT, RATHER THAN A JURY, AND FOUND BY A PREPONDERANCE OF THE EVIDENCE, RATHER THAN BEYOND A REASONABLE DOUBT?

(*Turner*/*Finley* Brief at 2).[2]

Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error. *Commonwealth v. Harold F. Ford*, 947 A.2d 1251 (Pa.Super. 2008), *appeal denied*, 598 Pa. 779, 959 A.2d 319 (2008). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*,

---

[2] Appellant has not responded to the *Turner*/*Finley* brief *pro se* or with newly retained private counsel.

- 4 -

593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Junius Maurice Ford*, 44 A.3d 1190 (Pa.Super. 2012). Further, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings. *Commonwealth v. Wah*, 42 A.3d 335 (Pa.Super. 2012).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable David R. Cashman, we conclude Appellant's issues merit no relief. The PCRA court opinion comprehensively discusses and properly disposes of the questions presented. (*See* PCRA Court Opinion, filed October 23, 2018, at 5-14) (finding: relevant legal precedent has already rejected Appellant's claims; fact of prior conviction is not element of crime requiring proof beyond reasonable doubt; *Alleyne* decision made clear that fact of prior conviction constituted exception to *Alleyne* Court's holding; mandatory minimum sentences for recidivists in these circumstances are not illegal under *Alleyne*). Accordingly, we affirm based on the PCRA court's opinion. Following an independent review of the record, we grant counsel's petition to withdraw.

Order affirmed; counsel's petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/28/2019


IN THE FIFTH JUDICIAL DISTRICT OF THE COMMONWEALTH OF PENNSYLVANIA
COUNTY OF ALLEGHENY

COMMONWEALTH OF PENNSYLVANIA

vs.

JOHN HARVARD

CRIMINAL DIVISION
CC Nos. 200813557; 200814215
  200813729; 200814687;
  200813730; 201007041
Superior Court No. 1492WDA2017

## OPINION

JUDGE DAVID R. CASHMAN
308 Courthouse
436 Grant Street
Pittsburgh, PA  15219
(412) 350-3905

Copies Sent To:

Michael Streily, Esquire (Interoffice)
Office of the District Attorney
4th Floor, Courthouse
Pittsburgh, PA  15219

Charles R. Pass, III, Esquire
 (US Mail)
1204 Law & Finance Building
429 Fourth Avenue
Pittsburgh, PA  15219

## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
### CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA )
        VS. )    CC No. 200813557; 200814215
                         )    200813729   200814687
                         )    200813730   201007041
JOHN HARVARD, DK2326 )

## OPINION

The appellant, John Harvard, (hereinafter referred to as "Harvard"), has filed the instant appeal as a result of the denial of his petition for post-conviction relief on the basis that the legal issues that he attempted to raise had no merit. In August of 2008, Harvard was charged at five separate complaints with the crimes of burglary, robbery, criminal conspiracy, receiving stolen property, person not to possess a firearm, carrying a firearm without a license, terroristic threats, and recklessly endangering another person. In 2010, Harvard was charged with risking a catastrophe and possession of an offensive weapon. The Commonwealth moved to consolidate all of these cases for the purpose of trial, which motion was granted. Harvard requested a Jury trial on all of the charges filed against him but also requested that the charges of person not to possess a firearm be severed from all of the other charges, which motion was granted.

Harvard proceeded with a jury trial on all of the charges but the Person not to Possess a Firearm on September 7, 2010. Following the conclusion of the Commonwealth's case, this Court granted Harvard's motion for judgment of acquittal with respect to the charges of carrying a firearm without a license. On September 13, 2010, the jury convicted Harvard of all of the remaining charges and this Court found him guilty of the charges of person not to possess a firearm. A presentence report was

2

ordered and on December 8, 2010, Harvard was sentenced to an aggregate sentence of not less than sixty-five nor more than two hundred eighty years. Harvard filed timely post-sentence motions which were denied by this Court on March 22, 2011. Harvard filed a timely appeal to the Superior Court and on March 25, 2013, the Superior Court affirmed the judgment of sentence imposed upon Harvard. Harvard then filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which denied that petition on October 10, 2013. Harvard did not file a petition for writ of certiorari with the United States Supreme Court and, accordingly, his judgment of sentence became final ninety days from the date of the Pennsylvania Supreme Court's denial of his petition for allocator, which meant that his judgment of sentence became final on January 9, 2014.

Harvard filed a petition for post-conviction relief on October 14, 2014, and on March 16, 2015, this Court appointed counsel for him to represent him in connection with this petition. On November 9, 2016, Harvard's appointed counsel sought to withdraw and this Court granted that motion and appointed his current appellate counsel in connection with his petition. On March 13, 2017, his second counsel filed an amended petition alleging that his sentences were illegal.

The facts of Harvard's cases are immaterial to the disposition of the claims he has raised in his petition for post-conviction relief since they are illegal sentence claims and do not implicate any of the factual issues involved in any of the proceedings. For the purpose of this record, the facts are set forth in this Court's original Opinion in connection with Harvard's direct appeal are incorporated herewith. In Harvard's petition for post-conviction relief he maintains that his sentences are illegal in that there were facts triggering the application of a mandatory minimum sentence that were found by the Court rather than by the jury and found by the preponderance of the

3

evidence rather than beyond a reasonable doubt. The second claim of the illegality of his sentence is in essence a repeat of the first claim, the difference being that the alleged illegality is based upon the statute increasing the maximum sentence beyond the statutory maximum of twenty years. Again, Harvard maintains that the sentence was illegal since it was found by the Court by the preponderance of the evidence and not by the jury beyond a reasonable doubt.

The time for filing a petition for post-conviction relief is set forth in *42 Pa.C.S.A. 9545(b)*, which provides as follows:

**(b) Time for filing petition. --**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

4

(4) For purposes of this subchapter, "government officials" shall not include defense counsel, whether appointed or retained.

These time limitations are jurisdictional in nature and cannot be waived by the Court in an attempt to resolve the underlying claim. *Commonwealth v. Fahy, 558 Pa. 313, 737 A.2d 214 (1999).* In viewing Harvard's petition for post-conviction relief in light of these time limitations, it is clear that his petition was timely filed since his judgment of sentence became final on January 9, 2014, and his petition was filed within that one-year period on October 14, 2014.

Harvard's two claims of error are predicated upon the use of 42 Pa.C.S.A. §9714, which provides as follows:

**(a) Mandatory sentence. –**

(1) Any person who is convicted in any court of this Commonwealth of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. Upon a second conviction for a crime of violence, the court shall give the person oral and written notice of the penalties under this section for a third conviction for a crime of violence. Failure to provide such notice shall not render the offender ineligible to be sentenced under paragraph (2).

(2) Where the person had at the time of the commission of the current offense previously been convicted of two or more such crimes of violence arising from separate criminal transactions, the person shall be sentenced to a minimum sentence of at least 25 years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. Proof that the offender received notice of or otherwise knew or should have known of the penalties under this paragraph shall not be required. Upon conviction for a third or subsequent crime of violence the court may, if it determines that 25 years of total confinement is insufficient to protect the public safety, sentence the offender to life imprisonment without parole.

Harvard maintains that the use of this sentencing statute violates the decision of the United States Supreme Court in *Alleyne v. United States, 570 U.S. 99, 133 S.Ct. 2151, 186 L.ed.2d 314 (2013).* That Court made the determination that any fact that constitutes an an element or ingredient of the charge had to be determined by a jury using the standard of beyond a reasonable doubt.

> The touchstone for determining whether a fact must be found by a jury beyond a reasonable doubt is whether the fact constitutes an "element" or "ingredient" of the charged offense. *United States v. O'Brien,* 560 U.S. 218, — —, 130 S.Ct. 2169, 176 L.Ed.2d 979 (2010); *Apprendi, supra,* at 483, n. 10, 120 S.Ct. 2348; J. Archbold, Pleading and Evidence in Criminal Cases 52 (5th Am. ed. 1846) (hereinafter Archbold). In *Apprendi,* we held that a fact is by definition an element of the offense and must be submitted to the jury if it increases the punishment above what is otherwise legally prescribed. 530 U.S., at 483, n. 10, 120 S.Ct. 2348. While *Harris* declined to extend this principle to facts increasing mandatory minimum sentences, *Apprendi* 's definition of "elements" necessarily includes not only facts that increase the ceiling, but also those that increase the floor. Both kinds of facts alter the prescribed range of sentences to which a defendant is exposed and do so in a manner that aggravates the punishment. 530 U.S., at 483, n. 10, 120 S.Ct. 2348; *Harris, supra,* at 579, 122 S.Ct. 2406 (THOMAS, J., dissenting). Facts that increase the mandatory minimum sentence are therefore elements and must be submitted to the jury and found beyond a reasonable doubt.

### *Alleyne v. United States, supra., 570 at 107-108.*

The decision in *Alleyne, supra.* acknowledged that it did not overrule its prior decision in the case of *Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).* That case held that a legislature can define recidivism as a sentencing factor instead of an element of a crime without violating due process or other constitutional limitations. In a footnote in the *Alleyne* Opinion it acknowledged that the decision of *Almendarez-Torres* was a narrow exception.

> . . .we recognized a narrow exception to this general rule for the fact of a prior conviction. Because the parties do not contest that decision's vitality, we do

not revisit it for purposes of our decision today.

In ***Almendarez-Torres, supra,*** the Court was faced with the question as to whether or not the question of recidivism was an element of the crime or a sentencing factor.

> We turn then to the case upon which petitioner must primarily rely, *McMillan v. Pennsylvania*. The Court there considered a Pennsylvania statute that set forth a sentencing factor—"visibly possessing a firearm"—the presence of which required the judge to impose a minimum prison term of five years. The Court held that the Constitution did *not* require the State to treat the factor as an element of the crime. In so holding, the Court said that the State's "link[ing] the 'severity of punishment' to 'the presence or absence of an identified fact'" did *not* automatically make of that fact an "element." *Id.,* at 84, 106 S.Ct., at 2415 (quoting *Patterson v. New York, supra,* at 214, 97 S.Ct., at 2329). It said, citing *Patterson,* that "the state legislature's definition of the elements of the offense is usually dispositive." 477 U.S., at 85, 106 S.Ct., at 2415. It said that it would not "define precisely the constitutional limits" of a legislature's power to define the elements of an offense. *Id.,* at 86, 106 S.Ct., at 2416. And it held that, whatever those limits might be, the State had not exceeded them. *Ibid.* Petitioner must therefore concede that "firearm possession" (in respect to a mandatory minimum sentence) does not violate those limits. And he must argue that, nonetheless, "recidivism" (in respect to an authorized maximum) does violate those limits.

> In assessing petitioner's claim, we have examined *McMillan* to determine the various features of the case upon which the Court's conclusion arguably turned. The *McMillan* Court pointed out: (1) that the statute plainly "does not transgress the limits expressly set out in *Patterson,*" *ibid;* (2) that the defendant (unlike *Mullaney*'s defendant) did not face "'a differential in sentencing ranging from a nominal fine to a mandatory life sentence,'" 477 U.S., at 87, 106 S.Ct., at 2417 (quoting *Mullaney,* 421 U.S., at 700, 95 S.Ct., at 1890); (3) that the statute did not "alte[r] the maximum penalty for the crime" but "operates solely to limit the sentencing court's discretion in selecting a penalty within the range already available to it," 477 U.S., at 87–88, 106 S.Ct., at 2417; (4) that the statute did not "creat[e] a separate offense calling for a separate penalty," *id.,* at 88, 106 S.Ct., at 2417; and (5) that the statute gave "no impression of having been tailored to permit the visible possession finding to be a tail which wags the dog of the substantive offense," but, to the contrary, "simply took one factor that has always been considered by sentencing courts to bear on punishment ... and dictated the precise

7

weight to be given that factor," *id.*, at 88, 89–90, 106 S.Ct., at 2417, 2418.

This case resembles *McMillan* in respect to most of these factors. But it is different in respect to the third factor, for it does "alte[r] the maximum penalty for the crime," *id.*, at 87, 106 S.Ct., at 2417; and it also creates a wider range of appropriate punishments than did the statute in *McMillan*. We nonetheless conclude that these differences do not change the constitutional outcome for several basic reasons.

First, the sentencing factor at issue here—recidivism—is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence. See, *e.g., Parke v. Raley,* 506 U.S. 20, 26, 113 S.Ct. 517, 521–522, 121 L.Ed.2d 391 (1992) (Recidivism laws "have a long tradition in this country that dates back to colonial times" and currently are in effect in all 50 States); U.S. Dept. of Justice, Office of Justice Programs, Statutes Requiring the Use of Criminal History Record Information 17–41 (June 1991) (50-state survey); USSG §§ 4A1.1, 4A1.2 (Nov. 1997) (requiring sentencing court to consider defendant's prior record in every case). Consistent with this tradition, the Court said long ago that a State need *not* allege a defendant's prior conviction in the indictment or information that alleges the elements of an underlying crime, even though the conviction was "necessary to bring the case within the statute." *Graham v. West Virginia,* 224 U.S. 616, 624, 32 S.Ct. 583, 585–86, 56 L.Ed. 917 (1912). That conclusion followed, the Court said, from "*the distinct nature of the issue*," and the fact that recidivism "does not relate to the commission of the offense, *but goes to the punishment only,* and therefore ... may be subsequently decided." *Id.,* at 629, 32 S.Ct., at 588 (emphasis added). The Court has not deviated from this view. See *Oyler v. Boles,* 368 U.S. 448, 452, 82 S.Ct. 501, 503–504, 7 L.Ed.2d 446 (1962) (due process does not require advance notice that trial for substantive offense will be followed by accusation that the defendant is a habitual offender); *Parke, supra,* at 27, 113 S.Ct., at 522 ("[A] charge under a recidivism statute does not state a separate offense, but goes to punishment only"). And, as we said before, *supra,* at 1224, Congress, reflecting this tradition, has never, to our knowledge, made a defendant's recidivism an element of an offense where the conduct proscribed is otherwise unlawful. See *United States v. Jackson,* 824 F.2d 21, 25, and n. 6 (C.A.D.C.1987) (opinion of R. Ginsburg, J.) (referring to fact that few, if any, federal statutes make "prior criminal convictions ... elements of another criminal offense to be proved before the jury"). Although these precedents do not foreclose petitioner's claim (because, for example, the state statute at issue in *Graham* and *Oyler* provided for a jury determination of disputed prior convictions), to hold that the Constitution requires that recidivism be deemed an "element" of petitioner's offense would mark an abrupt departure from a longstanding tradition of treating recidivism as "go[ing] to the punishment only." *Graham, supra,* at 629, 32 S.Ct., at 587–588.

8

Second, the major difference between this case and *McMillan* consists of the circumstance that the sentencing factor at issue here (the prior conviction) triggers an increase in the maximum permissive sentence, while the sentencing factor at issue in *McMillan* triggered a mandatory minimum sentence. Yet that difference—between a permissive maximum and a mandatory minimum—does not systematically, or normally, work to the disadvantage of a criminal defendant. To the contrary, a statutory minimum binds a sentencing judge; a statutory maximum does not. A mandatory minimum can, as Justice STEVENS dissenting in *McMillan* pointed out, "mandate a *minimum* sentence of imprisonment more than twice as severe as the *maximum* the trial judge would otherwise have imposed." 477 U.S., at 95, 106 S.Ct., at 2421. It can eliminate a sentencing judge's discretion in its entirety. See, *e.g.,* 18 U.S.C. § 2241(c) (authorizing maximum term of life imprisonment for sexual abuse of children; mandating life imprisonment for second offense). And it can produce unfairly disproportionate impacts on certain kinds of offenders. See United States Sentencing Commission, Mandatory Minimum Penalties in the Federal Criminal Justice System 26–34 (Aug. 1991) (discussing "tariff" and "cliff" effects of mandatory minimums). In sum, the risk of unfairness to a particular defendant is no less, and may well be greater, when a mandatory minimum sentence, rather than a permissive maximum sentence, is at issue.

Although *McMillan* pointed to a difference between mandatory minimums and higher authorized maximums, it neither "rested its judgment" on that difference, nor "rejected" the above analysis, as the dissent contends, *post,* at 1236. Rather, *McMillan* said that the petitioners' argument in that case would have had "more *superficial* appeal" if the sentencing fact "exposed them to greater or additional punishment." 477 U.S., at 88, 106 S.Ct., at 2417 (emphasis added). For the reasons just given, and in light of the particular sentencing factor at issue in this case—recidivism—we should take *McMillan*'s statement to mean no more than it said, and therefore not to make a determinative difference here.

Third, the statute's broad permissive sentencing range does not itself create significantly greater unfairness. Judges (and parole boards) have typically exercised their discretion within broad statutory ranges. See, *e.g., supra,* at 1225, 1227 (statutory examples); National Institute of Justice, Sentencing Reform in the United States (Aug. 1985) (survey of sentencing laws in the 50 States); L. Friedman, Crime and Punishment in American History 159–163 (1993) history of indeterminate sentencing). And the Sentencing Guidelines have recently sought to channel that discretion using "sentencing factors" which no one here claims that the Constitution thereby makes "elements" of a crime.

Finally, the remaining *McMillan* factors support the conclusion that

9

Congress has the constitutional power to treat the feature before us—prior conviction of an aggravated felony—as a sentencing factor for this particular offense (illegal entry after deportation). The relevant statutory provisions do not change a pre-existing definition of a well-established crime, nor is there any more reason here, than in *McMillan*, to think Congress intended to "evade" the Constitution, either by "presuming" guilt or "restructuring" the elements of an offense. Cf. *McMillan, supra*, at 86–87, 89–90, 106 S.Ct., at 2416–2417, 2417–2418.

For these reasons, we cannot find in *McMillan* (a case holding that the Constitution *permits* a legislature to *require* a longer sentence for gun possession) significant support for the proposition that the Constitution *forbids* a legislature to *authorize* a longer sentence for recidivism.

**Almandarez-Torres v. United States, supra., 523 U.S. at 242-246.**

In **Commonwealth v. Reid, 117 A.3d 777, 784-786 (Pa. Super. 2015),** the Pennsylvania Superior Court was confronted with the same claim that **Alleyne** required that to increase a mandatory minimum sentence that the facts had to be submitted to a jury and proven beyond a reasonable doubt. In rejecting that claim, the Court made the following observation.

In *Alleyne*, the Supreme Court of the United States held that the Sixth Amendment requires that any fact—other than a prior conviction—that increases a mandatory minimum sentence for an offense must be submitted to the jury and proven beyond reasonable doubt. Importantly, *Alleyne* did not overturn prior precedent that prior convictions are sentencing factors and not elements of offenses. *Alleyne*, 133 S.Ct. at 2160 n. 1; *see also Almendarez–Torres v. United States*, 523 U.S. 224, 243–44, 118 S.Ct. 1219, 1230–31, 140 L.Ed.2d 350 (1998).

Section 9714 increases mandatory minimum sentences based on prior convictions. *See* 42 Pa.C.S. § 9714(a)(1). Accordingly, this section is not unconstitutional under *Alleyne. See Alleyne, supra; see also Commonwealth v. Akbar*, 91 A.3d 227, 239 n. 9 (Pa.Super.2014), *appeal granted and order vacated on other grounds*, —— Pa. ———, 111 A.3d 168 (2015).

Here, at his guilty plea hearing, Appellant acknowledged that his cases involved "mandatory sentences [that would] be imposed by the [trial c]ourt

[.]" N.T. 3/21/2011, p. 8. At sentencing, the court characterized the instant matter as a "second strike case[,]" without objection from Appellant.13 *See* N.T. 1/16/2014, pp. 4–6. The trial court then imposed a section 9714 mandatory minimum sentence on the attempted murder conviction. This sentence was legal.

14 Appellant also challenges the application of the 20–year mandatory minimum sentence imposed on his conviction for assault of a law enforcement officer in the first degree. Regarding sentences for offenses committed against law enforcement officers, the Sentencing Code provides, in relevant part:

> **(a) Mandatory sentence.**—A person convicted of the following offense shall be sentenced to a mandatory term of imprisonment as follows:
>
> 18 Pa.C.S. § 2702.1(a) (relating to assault of law enforcement officer) —not less than 20 years.
>
> 42 Pa.C.S. § 9719.1.

This mandatory sentence provision does not implicate *Alleyne*. Section 9719.1 does not require proof of any additional elements beyond those already required to convict a defendant of assault of a law enforcement officer in the first degree under 18 Pa.C.S. § 2702.1(a). Nor does section 9719.1 follow the statutory scheme that allowed a trial court to apply a mandatory minimum sentence if the Commonwealth established the triggering fact for the mandatory minimum by a preponderance of the evidence, which this Court found unconstitutional under *Alleyne*. *See, i.e.,* 18 Pa.C.S. § 6317(b) (relating to sentencing for drug crimes committed in school zones), 18 Pa.C.S. § 7508(b) (relating to sentencing for drug trafficking); 42 Pa.C.S. § 9712(b) (relating to sentences for offenses committed with firearms), 42 Pa.C.S. § 9712.1(c) (relating to sentences for certain drug offenses committed with firearms), 42 Pa.C.S. § 9713(c) (relating to sentences for offenses committed on public transportation), and 42 Pa.C.S. § 9718(c) (relating to sentences for offenses against infant persons). Instead, section 9719.1 simply describes the legislatively-required sentence for an offender convicted of assaulting a law enforcement officer pursuant to section 2702.1(a). Because it does not require proof of facts that increase a mandatory minimum sentence, and does not follow the statutory construction that allowed trial courts to find such facts by a preponderance of the evidence at sentencing, section 9719.1 is not unconstitutional under *Alleyne* or its Pennsylvania progeny.

In *Commonwealth v. Furness, 153 A.3d 397, 406 (Pa. Super. 2016),* the

Superior Court was confronted with the same question as in the case of the *Reid*

*supra.,* and dismissed that challenge of the illegality of his sentence on the basis

that imposition of the mandatory sentence was a proper legislative concern and was

not an element of the crime.

> In his final claim, Furness argues that the mandatory minimum sentence imposed for his attempted burglary conviction, pursuant to 42 Pa.C.S.A. § 9714, is illegal, and he raises two sub-issues in support of his argument.4 Brief for Appellant at 31. First, citing the United States Supreme Court's decision in *Alleyne v. United States*, —— U.S. ——, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013),5 Furness claims that his sentence is illegal because the jury did not find beyond a reasonable doubt all facts necessary to require imposition of a mandatory minimum sentence. *Id.* at 32–34. Furness argues that the fact triggering the imposition of a mandatory minimum sentence, *i.e.*, a prior conviction for a crime of violence, had not been found by the jury beyond a reasonable doubt. *Id.* at 35. Additionally, Furness noted that in the *Alleyne* decision, United States Supreme Court "declined to address whether the fact triggering a mandatory minimum sentence is to be considered an element of the crime (and thus submitted to the jury and proven beyond a reasonable doubt with prior notice to a defendant) if that fact is a prior conviction." *Id.*; *see also Alleyne*, 133 S.Ct. at 2151 n.1. Second, Furness argues that even if Section 9714 is constitutional under the *Alleyne* holding, there is a "good faith argument for change in existing law based upon the reasoning and rule set forth in *Alleyne* and the shaky underpinnings of *Almendarez–Torres v. United States*[, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998)6 ]." Brief for Appellant at 36–37. Furness contends that *Almendarez–Torres* cannot alone support the constitutionality of Section 9714 because the *Almendarez–Torres* decision relied on prior decisions that either do not support the holding, or have subsequently been overruled. *Id.* at 38–39.

Section 9714 of the Sentencing Code provides, in relevant part, as follows:

**§ 9714. Sentences for second and subsequent offenses**

**(a) Mandatory sentence.—**

(1) Any person who is convicted in any court of this Commonwealth of a crime of violence[7] shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. Upon a

second conviction for a crime of violence, the court shall give the person oral and written notice of the penalties under this section for a third conviction for a crime of violence....

* * *

**(d) Proof at sentencing.**—Provisions of this section *shall not be an element of the crime* and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The sentencing court, prior to imposing sentence on an offender under subsection (a), shall have a complete record of the previous convictions of the offender, copies of which shall be furnished to the offender. If the offender or the attorney for the Commonwealth contests the accuracy of the record, the court shall schedule a hearing and direct the offender and the attorney for the Commonwealth to submit evidence regarding the previous convictions of the offender. The court shall then determine, *by a preponderance of the evidence*, the previous convictions of the offender and, if this section is applicable, shall impose sentence in accordance with this section....

42 Pa.C.S.A. § 9714(a), (d) (footnote and emphasis added).

Furness's claim challenges the legality of his sentence. ***Commonwealth v. Lawrence***, 99 A.3d 116, 122 (Pa. Super. 2014). "Issues relating to the legality of a sentence are questions of law. Our standard of review over such questions is *de novo* and our scope of review is plenary." ***Commonwealth v. Wolfe***, 106 A.3d 800, 802 (Pa. Super. 2014) (citations, brackets and ellipses omitted).

Initially, in ***Alleyne***, the United States Supreme Court recognized the narrow exception set forth in ***Almendarez-Torres***, regarding the fact of a prior conviction. ***Alleyne***, 133 S.Ct. at 2151 n.1 (declining to revisit the issue, as it had not been raised by the parties). Because the United States Supreme Court did not overturn the ***Almendarez-Torres*** exception, the ***Alleyne*** rule includes the prior conviction exception. *See id.*; *see also **Almendarez-Torres***, 523 U.S. at 243–44, 118 S.Ct. 1219.

This Court specifically considered the constitutionality of Section 9714 in ***Commonwealth v. Reid***, 117 A.3d 777 (Pa. Super. 2015). In ***Reid***, this Court acknowledged that the ***Alleyne*** decision retained the exception for prior convictions. ***Reid***, 117 A.3d at 784. The ***Reid*** Court held that Section 9714 is not unconstitutional because it increases mandatory minimum sentences based on prior convictions. ***Reid***, 117 A.3d at 785.8

It is clear that the claims of illegality of Harvard's sentence have previously

been litigated and resolved against him. Based upon the holdings in *Almendarez-Torres v. United States, supra.; Commonwealth v. Reid, supra.* and *Commonwealth v. Furness, supra.,* it is abundantly clear that the facts that Harvard sought to be elements of the crimes for which he was convicted were sentencing factors and not elements of the crimes. Based upon this decision, it was clear that there was no merit to the claims asserted by Harvard as to the illegality of the sentence and, accordingly, his petition for post-conviction relief was denied without a hearing.

BY THE COURT:

_____, A. J., A.J.

DATED: 10/23/18

14